**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

TIMOTHY PHILLIP PENA, )
)
     Petitioner, )
)    No. CIV 09-115-TUC-CKJ
vs. )
)     **ORDER**
CHARLES L. RYAN, et al., )
)
     Respondents. )
_____ )

     Pending before the Court is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Timothy Phillip Pena ("Pena"). Respondents have filed an Answer and Pena filed a Reply. Also pending before the Court are Pena's Requests for Disposition [Doc. 16 and 19].

I. *Factual and Procedural Background*

     As to CR20022179, the Court of Appeals stated the factual history as follows:

> In April 2002, two security guards saw Pena get into the driver's seat of his sport-utility vehicle (SUV), which was parked in a restaurant parking lot, and turn on the engine. Soon after that, a Tucson Police Department patrol car pulled up behind Pena's SUV. A police officer testified that the SUV's headlights were on and Pena was "standing just outside the driver's side door." Pena reached into the SUV through the driver's side window, turned off the engine and lights, and removed the ignition key.

> After stating he was too drunk to drive and refusing to perform field sobriety tests, Pena was arrested for DUI. He did not appear at a pretrial status conference, and a bench warrant issued for his arrest. He was tried and convicted in absentia in December 2002. In 2006, Pena was arrested in New York and transported to Tucson. Before sentencing, the trial court held a prior convictions trial, finding Pena had one historical prior conviction. After sentencing, the trial court signed an order granting the state's motion to impose extradition costs.

Answer, Ex. A, pp. 2-3.  As to CR 20022182, the Court of Appeals stated the facts as follows:

> In July 2002, a Tucson Police Department officer saw a sport-utility vehicle (SUV) being driven erratically.  The officer followed the SUV, activating the lights on his patrol car, and the SUV eventually stopped in a parking lot.  The driver, Pena, initially did not respond to the officer.  When Pena did respond, he exhibited symptoms of intoxication.  He admitted having had four twelve-ounce beers and being drunk, and he refused to submit to a test of his alcohol concentration.  A blood test conducted pursuant to a warrant indicated an alcohol concentration above .24.
>
> Pena was arrested for DUI . . .

Answer, Ex. B, p. 2. Pena was sentenced to presumptive, enhanced prison terms of 4.5 years, to be served concurrently.

Pena argued on appeal in both state cases that he should be resentenced because he was not present when the trial court ordered the amount of the extradition costs.  The appellate court determined that Pena failed to demonstrate that the trial court fundamentally erred in ordering the amount of extradition costs without his presence.  Answer, Exs. A and B.  In CR20022179, Pena also challenged the sufficiency of the evidence.  The appellate court affirmed Pena's convictions and modified the sentencing minute entry to reflect that the offenses were "repetitive" under A.R.S. § 13-604(A).  Answer, Ex. A.  In CR20022182, Pena also argued that the trial court's jury instruction defining DUI with a BAC of .08 percent or more inaccurately stated the law and that the trial court should have instructed the jury regarding the result of the measurement of Pena's breath, blood or other bodily substance..  The appellate found the evidence did not support Pena' requested DUI instruction, determined that Pena had waived the argument regarding the measurement instruction, and modified the sentencing minute entry to reflect that the offenses were "repetitive" under A.R.S. § 13-604(A).  Answer, Ex. B.

Pena filed a single *pro se* Petition for Post Conviction Relief that addressed both state cases.  Pena asserted that the sentencing judge failed to consider the results of a mental evaluation ordered by the judge who presided over one of his trials, violated his Sixth Amendment right to "a constitutional sentencing procedure, " and violated his Fourteenth Amendment right to have the sentencing court examine, consider, and apply relevant

mitigating evidence. Pena also moved for a change of judge for cause, arguing that it would be impossible for Pena to receive a fair and fundamentally impartial review of his Petition for Post Conviction Relief from the sentencing judge because "the identical mitigation was refused at sentencing." Answer, Ex. F, p. 4.

The Pima County Superior Court Criminal Presiding Judge denied Pena's motion for a change of judge as untimely under Ariz.R.Crim.P. 10.1 and because it did not state sufficient grounds to warrant a change of judge for cause. Answer, Ex. G. On December 15, 2008, an evidentiary hearing was held on the Petition for Post Conviction Relief. Pena informed the court as to the circumstances of his prior conviction, his personal background and history, and his mental and physical health issues. Answer, Ex. H, pp. 3–23, 25–26, 28. The prosecutor argued that the information presented to the court, with the exception of Pena's assertion that he was the victim of a sexual assault, had been presented to the court at the time of the original sentencing. *Id*. at 22. The post-conviction court denied the petition, stating that he had understood and considered all the mitigation evidence Pena had presented at the hearing, but that he was not changing Pena's sentence. *Id*. at 22, 29; Ex. I.

Pena filed a Motion for Rehearing. Pena argued that he was unaware at the time of sentencing that he was suffering from post-traumatic stress disorder (PTSD) and that the court should have ordered "a comprehensive and thorough mental examination." Ex. J. Pena also filed another motion for change of judge for cause; the Presiding Judge denied the motion because it was untimely under Ariz.R.Crim.P. 10.1(b), did not have a supporting affidavit as required by Ariz.R.Crim.P. 10.1(b), and failed to state sufficient grounds for a change of judge for cause Answer, Ex. M. Additionally, advisory counsel filed a supplemental motion for rehearing, reasserting the same arguments raised by Pena

During a status conference addressing Pena's motion for rehearing, Pena argued that his PTSD caused him to hide his alcohol abuse and constituted a mitigating factor for sentencing purposes. Additionally, advisory counsel asserted that Pena was unaware that he suffered PTSD until the evidentiary hearing; counsel also asserted that the sentencing court had failed to consider the psychological report at sentencing. The court accepted as true

Pena's claims of clinical depression and need for treatment; however, the court found it did not constitute a basis for mitigation and denied the motion for rehearing. *See* Answer, Ex. O.

Pena filed a *pro se* petition for review to the Court of Appeals. Pena asserted that the court violated his due process rights "in that the pre-sentence report was not submitted in a timely manner and absent of a court-ordered psychological evaluation" and that the court abused its discretion in imprisoning him because the court-ordered psychological evaluation "clearly stressed rehabilitation over incarceration." Answer, Ex. P, pp. 2-3. Pena also argued that the sentencing and presiding judges violated his "constitutional right to a fair and unbiased judicial process" by denying his motions for change of judge, and that trial and appellate counsel had been ineffective. Answer, Ex. P., pp. 4–6. The appellate court found that the presiding judge did not abuse her discretion in denying Petitioner's motions for change of judge, determined that Pena's ineffective assistance of counsel claims were precluded under Ariz.R.Crim.P. 32.9(c)(1)(ii), and determined that Pena's sentencing error claim was precluded under Ariz.R.Crim,P. 32.2(a)(3). *See* Answer, Ex. Q.

On March 2, 2009, Pena filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). Pena asserts that he was denied due process by the untimely submission of the pre-sentence report and its failure to include a court-ordered psychological evaluation and that the sentencing court abused its discretion because the pre-sentence report and psychological evaluation stressed rehabilitation above incarceration.[1] Pena also asserts that he was denied a constitutional right to a fair and unbiased judicial proceeding. In making this claim, Pena asserts that the denial of his requests for a change of judge was in contravention of the Arizona Rules of Criminal Procedure, the sentencing court neglected to consider mitigating evidence, the sentencing court conducted a mitigation hearing at the same time as the Rule 32 evidentiary hearing, and

---

[1]The transcript of the sentencing hearing indicates that the court had possession of the pre-sentence report. Answer, Ex. R., p. 2. However, it appears that the pre-sentence report was not prepared at least two days prior to the sentencing. *See* Answer, Ex. O, pp. 13-14.

the sentencing court denied Pena an opportunity to call mitigation witnesses. Pena also asserts that counsel was ineffective for failing to argue for a mitigation hearing and that appellate counsel was ineffective for failing to adequately communicate and consult with Pena and for failing to address the mitigation issue on appeal.

Respondents have filed an Answer and Pena has filed a Response (Traverse).

II. *Standard of Review*

Federal courts may consider a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *See Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 271 (1994). Indeed, a habeas corpus petition by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated a petitioner's Fourteenth Amendment right to due process. *See generally, Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479, 116 L.Ed.2d 385 (1991).

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The Act limits the ability of federal courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). This Court may only overturn a state court finding if a petitioner shows by clear and convincing evidence that the finding was erroneous. *See* 28 U.S.C. § 2254(e)(1). An "unreasonable application of clearly established law" exists if the state court identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the case. *See Taylor*.

III.  *Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must generally file a petition for writ of habeas corpus within one year from the date upon which his judgment became final or the expiration of time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Pena's petition was timely filed.

IV.  *Exhaustion of State Remedies*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).  Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations omitted*.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals.  A discretionary petition for review to the Supreme Court of Arizona is not necessary for purposes of federal exhaustion.  *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals).  A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  In state court, the petitioner must describe not only the

operative facts but also the asserted constitutional principle.  The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).  A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim.  *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatling v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

V.  *Procedural Default*

The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule.  The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law.  In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural

reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005), *internal quotation marks and citations omitted*. In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n. 1. This is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *See id*. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him."). If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or that a fundamental miscarriage of justice would result. *Id*. at 753; *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). If a claim has never been fairly presented to the state court, a federal habeas court may determine whether state remedies remain unavailable. *See Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

. . . . .

. . . . .

VI. *Procedural Analysis of Pena's Claims*

A. *Due Process Violation During Sentencing*

Pena asserts that the sentencing court violated his right to due process by the untimely submission of the pre-sentence report and its failure to include a court-ordered psychological evaluation. The state appellate court found this claim was precluded by Ariz.R.Crim.P. 32.2(a)(3) because Pena had not raised this claim in his direct appeal. Answer, Ex. Q., p. 4. The court also pointed out that "the court told Pena during the oral argument on his motion for rehearing, "I now know this information. It doesn't change my belief that [presumptive terms were] the appropriate sentence[s,] given your history." *Id*. Because the state court refused to address Pena's federal claim because of Pena's failure to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds. *Coleman*, 501 U.S. at 729–30, 111 S. Ct. at 2554. This claim, therefore, is procedurally defaulted and federal habeas review of this claim is barred. *Id*.


B. *Discretion of Sentencing Court in Imposing Sentence of Imprisonment*

Pena asserts that the sentencing court abused its discretion by imposing a sentence of imprisonment rather than the probationary term suggested by the Pima County Adult Probation Department in its pre-sentence report and the court-ordered psychological evaluation. Pena, however, does not present a federal basis for this claim. *See Baldwin*, 541 U.S. at 32, 124 S. Ct. at 1351 (prisoner may describe a federal law basis for the claim by citing "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"); *see also Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (habeas relief under 28 U.S.C. § 2254 is available only on the basis of some transgression of federal law binding on state courts); *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002) (habeas court is not to make its own independent judgment, but is to determine whether state court applied *federal authority* in an objectively unreasonable manner). Moreover, the appellate court found Pena's claim precluded under Ariz.R.Crim.P. 32.2(a)(3) because he did not raise it in

his direct appeal.  Answer, Ex. Q.  The state ruling rests on independent and adequate state procedural grounds; federal habeas review is barred.  *Coleman*, 501 U.S. at 729–30, 111 S. Ct. at 2554.

Additionally, Pena has not pointed to any federal authority that a sentencing judge, in exercising his authority, must follow a recommendation.  Because federal habeas relief is not available for alleged violations of state law or procedure or for alleged error in the interpretation of state law, Pena's claim does not state a claim for habeas relief.  *See Estelle*, 502 U.S. at 67-68; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).

## C.  *Fair and Unbiased Judicial Process*

Pena asserts that his "constitutional right to a fair and unbiased judicial process" was violated by the judges' "neglecting to adhere to the guidelines of the Arizona Rules of Criminal Procedure" after his case had been assigned to the sentencing judge.  However, Pena relies on the Arizona Rules of Criminal Procedure in asserting this claim.  *See* Petition, p. 8.  Because Pena has failed to assert a federal basis for this claim, federal habeas relief in not available for this claim.  *See Estelle*, 502 U.S. at 67-68.

In making this claim, Pena also asserts that the sentencing court failed to consider mitigating evidence in imposing sentence.  As previously stated, the Court of Appeals found this claim was precluded by Ariz.R.Crim.P. 32.2(a)(3) because Pena had not raised this claim in his direct appeal.  Answer, Ex. Q., p.4.  The state ruling rests on independent and adequate state procedural grounds.  *Coleman*, 501 U.S. at 729–30, 111 S. Ct. at 2554.  This claim, therefore, is procedurally defaulted and federal habeas review of this claim is barred.  *Id.*, 501 U.S. at 729-30.

Pena also asserts that the court denied his right to call witnesses in support of mitigation by conducting the mitigation hearing at the same time as the Rule 32 evidentiary hearing.  Pena did not state a federal basis for this claim in the Petition.  In his Traverse, Pena asserts that there were violations of his right to due process and his right to a constitutional sentencing procedure under the U.S. Const., 6th Amend.  However, Pena has not specified

where, in any of the documentation submitted to the Court, Pena ever requested the sentencing court to permit him to present mitigating witnesses. Indeed, the state appellate court stated:

> To the extent Pena raises new claims in his petition for review that were not presented to the trial court . . . we will not address them. *See generally* Ariz.R.Crim.P. 32.9(c)(1)(ii); *see also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980) (appellate court does not consider issues first presented in petition for review that "have obviously never been presented to the trial court for its consideration.").

Answer, Ex. Q, p. 4; *see also* Answer, Ex. P, p. 4 (Pena's assertion that court denied Pena's right to call witnesses presented in Petition for Review). This claim, therefore, is procedurally defaulted and federal habeas review of this claim is barred. *Coleman*, 501 U.S. at 729-30.

Pena also asserts that the court erred in imposing the identical sentence after he presented mitigation evidence. Again, Pena has failed to assert federal bases for this claim. *See Estelle*, 502 U.S. at 67-68. In his Traverse, Pena asserts that there were violations of his right to due process and his right to a constitutional sentencing procedure under the U.S. Const., 6th Amend. Pena has not specified where, in any of the documentation submitted to this Court, Pena ever presented this argument to the sentencing court. Indeed, the state appellate court stated:

> To the extent Pena raises new claims in his petition for review that were not presented to the trial court . . . we will not address them. *See generally* Ariz.R.Crim.P. 32.9(c)(1)(ii); *see also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980) (appellate court does not consider issues first presented in petition for review that "have obviously never been presented to the trial court for its consideration.").

Answer, Ex. Q, p. 4; *see also* Answer, Ex. P, pp. 4-5 (Pena's assertion that court erred in imposing identical sentence after the presentation of mitigating evidence). This claim, therefore, is procedurally defaulted and federal habeas review of this claim is barred. *Coleman*, 501 U.S. at 729-30l; *see also Williams v. Borg*, 139 F.3d 737, 740 (9th Cir.1998) (holding that in habeas cases, "[w]e [] review only for constitutional violation, not for abuse of discretion"); *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir.2002) (alleged abuse of discretion by the trial court in choosing consecutive sentences cannot form the basis for federal habeas relief); federal habeas relief is not available.

Pena asserts that the court improperly denied his motions for change of judge. Again, Pena refers to the Arizona Rules of Criminal Procedure in making this claim; he has failed to assert a federal basis for this claim. *See Estelle*, 502 U.S. at 67-68. Moreover, as to this claim, the Court of Appeals stated:

> First, we review the denial of Pena's request for a change of judge in his Rule 32 proceeding for an abuse of discretion. *See State v. Smith*, 204 Ariz. 75, ¶ 10, 50 P.3d 825, 828 (2002). Section 13-4234(I), A.R.S., provides that a Rule 32 proceeding "shall be assigned to the sentencing judge if it is possible." Quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994), the presiding judge correctly stated that unfavorable rulings do not warrant a change of judge under Rule 10.1, Ariz.R.Crim.P., unless they "'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *See also State v. Henry*, 189 Ariz. 542, 545, 944 P.2d 57, 60 (1997). We find no abuse of discretion in her conclusion that Pena had failed to present evidence of such bias in the several motions he filed.

Answer, Ex. Q, pp. 3-4. Even if Pena had presented a federal basis for this claim in his Petition, Pena would not be entitled to habeas relief. Given the reasons the Arizona courts stated for determining that denial of the motion for change of judge was appropriate, this Court does not find that the state courts' rulings to be objectively unreasonable. *See* 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"); *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002) (habeas court is not to make its own independent judgment, but is to determine whether state court applied federal authority in an objectively unreasonable manner).

D. *Ineffective Assistance of Counsel*

Pena argues that his Sixth Amendment right to effective assistance of trial and appellate counsel was violated. Pena did not raise this claim until his Petition for Review in the Arizona Court of Appeals. *See* Answer, Ex. P, p. 6. The Court of Appeals found these claims precluded under Ariz.R.Crim.P. 32.9(c)(1)(ii) because Pena failed to present them to the trial court. Answer, Ex. Q, p. 4. Because the state court refused to address Pena's federal claim because of Pena's failure to meet a state procedural requirement, the state judgment

rests on independent and adequate state procedural grounds. *Coleman*, 501 U.S. at 729–30, 111 S. Ct. at 2554. This claim, therefore, is procedurally defaulted and federal habeas review of this claim is barred. *Id.*, 501 U.S. at 729-30.

VII. *Cause and Prejudice Analysis*

Federal habeas review is barred unless Pena demonstrates "cause for the default and prejudice attributable thereto, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-750 (citations omitted; internal quotation marks omitted); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998), *citing Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (generally, if a petitioner "has failed to develop material facts in state court proceedings, he or she must demonstrate adequate cause for his or her failure and actual prejudice resulting from that failure). Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court). Prejudice need not be addressed if a petitioner fails to show cause. *Murray*. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence[.]" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002), *citations omitted*. "Actual innocence can be shown when a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Sistrunk*, 292 F.3d at 673, *quoting Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Pena asserts that counsel did not present the issues to the appellate court. To the extent that Pena claims that ineffective assistance of appellate counsel constitutes "cause"

to excuse the default of his claims, such an assertion is without merit because Pena's ineffective assistance of appellate counsel claims are procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451–53, 120 S. Ct. 1587, 1591–92 (2000). Pena does not present any reason why he did not present these claims (e.g., that counsel was ineffective for failing to assert that mitigating evidence had not been considered on appeal) in his Petition for Post-Conviction Relief.

Rather than presenting any basis for his failure to comply with the Arizona procedural rules, Pena asserts in his Traverse that the appellate court violated his right to a constitutional sentencing procedure by failing to adequately state grounds for denying relief. The appellate court clearly determined that Pena had not complied with the Arizona procedural rules as to his assertion of claims regarding the presentation of mitigation and the sentencing. However, in making this determination, the appellate court did not acknowledge that, because the mitigation evidence was presented at the Rule 32 evidentiary hearing, Pena could not have included all of the claims in the appeal. Moreover, although the Court has noted that Pena has not pointed to any documentation that he requested to call mitigating witnesses, there is no evidence in the record that Pena knew the mitigation hearing would be conducted at the time of the evidentiary hearing (i.e., which would have placed him on notice to have his witnesses present). While this may present a sufficient basis to establish cause to excuse the procedural default as to Pena's claims that (1) he was denied a constitutional right to a fair and unbiased judicial proceeding, (2) the sentencing court conducted a mitigation hearing at the same time as the Rule 32 evidentiary hearing, and (3) the sentencing court denied Pena an opportunity to call mitigation witnesses, Pena did not provide a federal basis for these claims in his Petition. Therefore, even if cause has been shown, federal habeas relief is not available.

Moreover, the Court finds Pena has also failed to show prejudice – any constitutional violation so basic as to infect Pena's entire proceedings with error, *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), or a fundamental miscarriage of justice that no reasonable juror could find him guilty, *Schlup*, 513 U.S. at 327. The Court

notes that the appellate court pointed out that "the court told Pena during the oral argument on his motion for rehearing, "I now know this information. It doesn't change my belief that [presumptive terms were] the appropriate sentence[s,] given your history." Answer, Ex. Q., p. 4. In other words, when the sentencing court knew of all of the information, the sentence was the same.[2] Additionally, Pena has not provided any basis for this Court to grant habeas relief for an alleged abuse of discretion in sentencing. *See Williams*, 139 F.3d at 740 (holding that in habeas cases, "[w]e [] review only for constitutional violation, not for abuse of discretion"); *Souch*, 289 F.3d at 623 (alleged abuse of discretion by the trial court in choosing consecutive sentences cannot form the basis for federal habeas relief). Moreover, Pena has not provided this Court with any information as to what any mitigating witnesses would have offered. The Court finds any procedural default cannot be excused.

VIII. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Amended

_____

[2]The Court notes that during the July 21, 2006, sentencing, information regarding Pena's serious alcohol problem, Pena's need for antidepressants, Pena having been pressured to abscond by his partner (including that the partner was HIV positive and had lied to Pena), Pena suffering from "full blown" AIDS, and Pena's decision to return to the country to address the charges was presented to the court. *See* Answer, Ex. R. During the December 15, 2008, Rule 32 evidentiary hearing, the court was informed of additional details regarding this information and was also advised that Pena had been the victim of a sexual assault, Pena suffered from Post Traumatic Stress Disorder ("PTSD"), that Pena could receive more progressive treatments from the Veterans Administration, and that a court-ordered psychological evaluation had not been considered by the court. *See* Answer, Ex. H. During the February 12, 2009, Rule 32 hearing, the court was advised that Pena may have suffered from PTSD prior to the DUIs, as supported by the psychological evaluation, and that Pena had not timely received the pre-sentence report. *See* Answer, Ex. O.

Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court determined that Pena's claims were procedurally defaulted and that, while Pena may have shown cause to excuse the procedural default as to the claims that he was denied a constitutional right to a fair and unbiased judicial proceeding, the sentencing court conducted a mitigation hearing at the same time as the Rule 32 evidentiary hearing, and the sentencing court denied Pena an opportunity to call mitigation witnesses, Pena has not shown prejudice.[3] The Court finds that jurists of reason could find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason could find it debatable whether Pena had presented cause and prejudice.

A COA shall issue as to Pena's claims that he was denied a constitutional right to a fair and unbiased judicial proceeding, the sentencing court conducted a mitigation hearing at the same time as the Rule 32 evidentiary hearing, and the sentencing court denied Pena an

---

[3]The Court notes that it determined that Pena had not presented a federal basis for relief as to these claims in his Petition.

opportunity to call mitigation witnesses.

Accordingly, IT IS ORDERED:

1.     Pena's Requests for Case Disposition [Doc. 16 and 19] are GRANTED;

2.     Pena's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED WITH PREJUDICE;

3.     The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;.

4.     A Certificate of Appealability shall issue in this case as to Pena's claims that he was denied a constitutional right to a fair and unbiased judicial proceeding, the sentencing court conducted a mitigation hearing at the same time as the Rule 32 evidentiary hearing, and the sentencing court denied Pena an opportunity to call mitigation witnesses.

DATED this 19th day of August, 2010.

_____
Cindy K. Jorgenson
United States District Judge